UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVE PERRELLI,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01797 (VLB) |
| PRUDENTIAL INSURANCE COMPANY,<br>INC., | : | |
| | : | |
|     Defendant. | : | September 19, 2008 |

## MEMORANDUM OF DECISION GRANTING
## DEFENDANT'S MOTION TO DISMISS [Doc. #16]

The defendant, Prudential Insurance Company, Inc. ("Prudential"), moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this action filed by the plaintiff, Steve Perrelli. Prudential argues that all of Perrelli's causes of action are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Because Perrelli has not stated an ERISA claim, Prudential argues that his case must be dismissed. In the alternative, Prudential argues that even if ERISA does not preempt Perrelli's claims, they are time barred and do not allege sufficient facts. For the reasons given below, Prudential's motion to dismiss is GRANTED.

Perrelli sued Prudential in Connecticut Superior Court, asserting violations of the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq., and claims of intentional infliction of emotional distress and negligent infliction of emotional distress. Prudential removed the case to this

Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, claiming that Perrelli's state law causes of action are preempted by ERISA. Prudential asserted in the alternative that this Court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) because Perrelli is a citizen of Connecticut, Prudential is incorporated and maintains its principal place of business in New Jersey, and the amount in controversy exceeds $75,000.

Perrelli alleges in his complaint that he began working for Prudential in 1980. From February to August 2005, he took a short term disability leave of absence because of his stress and depression. He received short term disability benefits during that leave. In August 2005, Perrelli began receiving long term disability benefits. Perrelli's eligibility for long term benefits was to be reviewed after one year. Perrelli alleges that he "was classified as a 'retiree' for purposes of his medical benefits," suggesting that he maintained his status as an employee while he received long term disability benefits. [Doc. #1, Ex. A, Complaint p. 1] He alleges that he "has not worked for Prudential since August 2006 . . . ." [Doc. #1, Ex. A, Complaint p. 2] It is unclear from Perrelli's complaint whether "not work[ing]" for Prudential is equivalent to termination, resignation, retirement, or taking a leave of absence. According to Perrelli's complaint, Prudential informed him that he was not eligible for further disability benefits on February 13, 2007.

Perrelli filed a charge with the Connecticut Commission on Human Rights

and Opportunities (CHRO) on April 27, 2007. The CHRO issued a release of jurisdiction letter on October 5, 2007, and Perrelli then filed the present case. In his present complaint, Perrelli claims that Prudential's termination of his benefits violated the CFEPA and constituted both intentional infliction of emotional distress and negligent infliction of emotional distress. According to Perrelli, Prudential terminated his benefits because of his age, which was 51, and his disability of depression. Perrelli also alleges that he was harassed, that he endured an "openly hostile work environment," that he was "unfairly discharged from his position," and that Prudential "permitt[ed] [Perrelli] to be subjected to unchecked, rampant discrimination in the workplace, and then fir[ed] him when he complained about it . . . ." [Doc. #1, Ex. A, Complaint pp. 2, 4, 5] Perrelli does not allege any other facts regarding the manner in which he was harassed, discriminated against, and terminated.

Prudential removed the case to this Court on December 6, 2007, and filed a motion to dismiss on January 11, 2008. Prudential argues that Perrelli's complaint alleges only one adverse action by Prudential, namely, the termination of Perrelli's benefits. Because those benefits were paid pursuant to the Prudential Welfare Benefits Plan, which expressly states that it is governed by ERISA, Prudential argues that Perrelli's state law causes of action are preempted by ERISA. Perrelli filed his memorandum in opposition to Prudential's motion to dismiss on March 3, 2008. Perrelli argues that the termination of his benefits "is but one of the litany of violations ascribed to" Prudential in the complaint. [Doc.

3

#22, p. 4] Prudential filed a reply on March 20, 2008.

"The Federal Rules of Civil Procedure require that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2). Under this simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. . . . [The court] therefore must construe the complaint liberally . . . ." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Id. "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

Perrelli acknowledges in his memorandum in opposition to Prudential's motion to dismiss that he does have a claim for improper termination of benefits. Because those benefits were paid under a plan governed by ERISA, Perrelli may not bring state law causes of action with respect to his benefits. Pursuant to 29 U.S.C. § 1144(a), ERISA supersedes all state laws relating to ERISA-governed plans. Perrelli has not amended his complaint to state an ERISA claim despite being on notice of Prudential's preemption argument.

The remaining issue is whether Perrelli may assert state law claims regarding harassment, an "openly hostile work environment," unfair discharge, and being fired for complaining about "unchecked, rampant discrimination." [Doc. #1, Ex. A, Complaint pp. 2, 4, 5]  It is unclear from Perrelli's complaint whether those allegations relate solely to the termination of his benefits, in which case ERISA provides the exclusive means of relief, or whether they relate to other conduct by Prudential, in which case Perrelli's state law claims could be cognizable.  Construing the complaint liberally, Perrelli appears to claim that regardless of the termination of his benefits, his employment was terminated because of his age and disability.

However, Prudential argues that those possible claims of age and disability discrimination are time barred because the CFEPA requires Perrelli to file his CHRO charge within 180 days of the discriminatory act.  See Conn. Gen. Stat. § 46a-82(f).  Perrelli filed his CHRO charge on April 27, 2007, and 180 days prior to that date was October 29, 2006.  If the discriminatory act occurred before October 29, 2006, Perrelli's CFEPA claims are time barred.  The complaint does not state the date of Perrelli's termination or Prudential's other discriminatory acts.

In an effort to address the 180 day requirement, Perrelli submitted an affidavit with his memorandum in opposition to Prudential's motion to dismiss. Thereafter, Prudential attached to its reply brief a letter sent to Perrelli by Prudential's benefit appeals specialist.  Neither the affidavit nor the letter is mentioned in the complaint or attached to it.  Accordingly, the Court cannot

consider those documents in ruling on the motion to dismiss.  The Court must limit its consideration to the facts alleged in the complaint and documents that are attached to the complaint or to which the complaint refers.

Although the complaint does not state the date on which any discriminatory acts occurred, the complaint alleges that Perrelli "has not worked for Prudential since August 2006 . . . ."  [Doc. #1, Ex. A, Complaint p. 2]  A reasonable inference to draw from that allegation is that Perrelli was terminated in August 2006, more than 180 days before he filed his CHRO charge.  Therefore, Perrelli's CFEPA claims are time barred.  Furthermore, even if Perrelli was terminated within 180 days before filing his CHRO charge, he has failed to allege enough facts to make his CFEPA claims facially plausible.  It is insufficient for Perrelli to allege that he was harassed, subjected to a hostile work environment, and unfairly discharged for complaining about unspecified discrimination unless Perrelli bolsters those assertions with concrete facts that are unrelated to the termination of his benefits.  Because Perrelli has failed to do that, his CFEPA claims must be dismissed.  Perrelli's claims of intentional infliction of emotional distress and negligent infliction of emotional distress appear to concern the same insufficiently alleged conduct as the CFEPA claims, and, therefore, they are also dismissed.

Prudential's motion to dismiss [Doc. #16] is GRANTED.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

      /s/
_____
**Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: September 19, 2008.**